812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darlene J. SHORKEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1929.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1987.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mrs. Darlene J. Shorkey filed an application with the Social Security Administration ("SSA") for widow's disability benefits under 42 U.S.C. Sec. 402(e) (1982) on July 12, 1983. Mrs. Shorkey claimed to have been disabled by Paget's disease. Her claim was disallowed by the SSA because it found that her impairment was not disabling within the meaning of 42 U.S.C. Sec. 423(d) (1982) and the regulations promulgated thereunder. See 20 C.F.R. Secs. 404.1577, .1578 (1986) and Appendix 1 to Subpart P. An administrative law judge ("ALJ") similarly found that Mrs. Shorkey was not disabled, and the Appeals Council denied Mrs. Shorkey's request for review, at which point the ALJ's decision became the final decision of the Secretary. Mrs. Shorkey then appealed the administrative decision to the United States District Court for the Eastern District of Michigan alleging that the ALJ's decision was not supported by substantial evidence. Mrs. Shorkey's complaint was dismissed and judgment was entered for the Secretary. This appeal followed.
 
 
 2
 Mrs. Shorkey alleges that the Secretary and the court below erred in finding that she does not satisfy the requirements for widow's disability benefits found in 42 U.S.C. Sec. 423(d)(2)(B) and 20 C.F.R. Secs. 404.1577, .1578. Section 404.1577 of the regulations defines disability for widows. This section states that in order for a widow to be entitled to widow's benefits she must establish: (1) that she suffers from a physical or mental condition that can be expected to result in death or that has lasted or can be expected to last for twelve months, and (2) that the condition is severe enough to prevent her from performing any gainful activity.
 
 
 3
 Section 404.1578 of the regulations is used to determine disability for widows. Under this regulation, a widow who is not performing substantial gainful activity will be found disabled only if her impairment has specific clinical findings that are the same as or medically equivalent to any impairment in the Listing of Impairments in Part 404, Subpart P, Appendix 1, and her impairment meets the duration requirement (emphasis added). Mrs. Shorkey satisfied the duration requirement. She did not, however, establish that Paget's disease was the same as or medically equivalent to any listed impairment.
 
 
 4
 The ALJ concluded that listings 1.00B and 1.05C in Appendix 1 contained the relevant clinical criteria for disabling impairments such as Paget's disease because those two listings deal with disorders of the spine. Listing 1.05C requires that there be medical evidence demonstrating: (1) pain, muscle spasm, significant limitation of motion in the spine, and (2) significant motor loss with muscle weakness and sensory and reflex loss (emphasis added).
 
 
 5
 The ALJ found that Mrs. Shorkey did not suffer from an impairment that was the same as or medically equivalent to a listed impairment because she "has not experienced muscle weakness, sensory deficits or reflex loss." The ALJ stated that this conclusion was supported by the fact that none of five doctors who examined Mrs. Shorkey reported any such findings. In a letter to Mrs. Shorkey's attorney dated June 11, 1984, from James R. Bullen, M.D. (regarding a consultation sought by Mrs. Shorkey herself), Dr. Bullen stated that his examination of Mrs. Shorkey revealed no muscle, sensory, or reflex loss. In an examination on October 20, 1983, Dr. Mateskon found that Mrs. Shorkey had normal deep tendon reflexes, good muscle power and good sensation in her lower extremities. Dr. Hume found that Mrs. Shorkey had no reflex loss in the lower extremities when he examined her on July 19, 1982. The ALJ also stated that the conclusion that Mrs. Shorkey does not suffer from motor loss or muscle weakness is further supported by the fact that she can walk without aid.
 
 
 6
 Mrs. Shorkey's allegation that the Secretary's finding is unsupported by substantial evidence is without merit. Therefore, we AFFIRM the district court's judgment.